# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re  Case No. 04-12860-DHW
  Chapter 13
MARY SAMPLE,

    Debtor.

_____

LARRY SAMPLE and
MARY SAMPLE

    Plaintiffs,
v.  Adv. Proc. No. 09-1053-DHW

COMPASS BANK,

    Defendant.

## MEMORANDUM OPINION

    Before the court is Compass Bank's motion to dismiss this adversary proceeding (Doc. #5) under Fed. R. Bankr. Proc. 7012. That rule makes Fed. R. Civ. Proc. 12(b)(6) applicable to adversary proceedings in bankruptcy. In this adversary proceeding, Mary and Larry Sample contend that Compass Bank willfully violated the automatic stay of 11 U.S.C. § 362.[1]

---

[1] Larry Sample is a debtor in a chapter 13 case of his own which is also pending in this court (Case No. 09-10434). A separate adversary proceeding (Adv. Proc. No. 09-1052), which is identical to the one filed here in Mary Sample's bankruptcy case, was filed in Larry Sample's chapter 13 case. Compass Bank has also filed a motion to dismiss the adversary proceeding in Larry Sample's case. However, because the disposition of the matter in Larry Sample's case is based on different legal grounds, the motion to dismiss the adversary proceeding in his bankruptcy case will be addressed by separate memorandum opinion and order.

## Jurisdiction

This court's jurisdiction is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district which referred its title 11 jurisdiction to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because this dispute involves an alleged violation of the automatic stay of 11 U.S.C. § 362, this is a core proceeding under 28 U.S.C. § 157(b)(2) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Factual Allegations Contained In The Complaint and Other Undisputed Facts

Mary Sample filed the underlying chapter 13 petition for relief in this court on December 17, 2004. Compass Bank was listed as a creditor in Mary Sample's bankruptcy schedules and participated in her bankruptcy case.

In January 2006, the Samples' home was damaged by fire. Hathcock Roofing & Remodeling Co., Inc. ("Hathcock") was employed to make repairs to the home.

On or about May 26, 2006, the Samples opened a joint bank account at Compass Bank. Compass Bank held the first mortgage on the Samples' home. At the same time, Hathcock deposited a $105,000 check from State Farm Fire & Casualty Company into the Samples' Compass Bank account. Subsequently, the Samples wrote a $70,000 check to Hathcock leaving a $35,000 balance in the account. On June 9, 2006, the Samples withdrew that balance from the Compass Bank account.

On October 6, 2006, Hathcock filed suit in the Circuit Court of Dale County, Alabama styled *Hathcock Roofing & Remodeling Company, Inc. v. Latisha E. Sample, Mattie L. Sample, Larry Sample, Mary Sample, and Compass Bank* (Case No. CV 06-234). Therein, Hathcock alleged that it had performed restoration work on the Samples' realty for which it had not been paid. Hathcock sought to recover $35,000 from the Samples. Further, Hathcock sought recovery from Compass Bank alleging that the bank was negligent in paying the Samples the remaining $35,000 that was on deposit in their account without having obtained Hathcock's consent.

On February 23, 2009, Hathcock and the Samples settled their dispute through mediation. Under that agreement, the Samples had no obligation to pay Hathcock any part of the $35,000 insurance proceeds that the Samples had withdrawn from their

Compass Bank account. Compass Bank was not a party to the settlement agreement.

On February 24, 2009, Compass Bank filed a cross-claim against the Samples in the state court action.

On March 13, 2009, the Samples filed a motion in the state court action to dismiss Compass Bank's cross-claim. The complaint does not establish whether the motion was heard by the state court or whether the motion was opposed by Compass Bank. The Samples contend generally that, "Compass Bank continues with their proceeding against the debtors. . . ." *See* Complaint (Doc. #1), ¶ XV.

The parties, however, do not dispute that on June 8, 2009, the Samples filed a suggestion of bankruptcy in the state court action, and on June 18, 2009, the Samples and Compass Bank filed in the state court action a joint stipulation of dismissal of Compass Bank's cross-claim.

## Conclusions of Law

In considering a motion to dismiss under Rule 12(b)(6), this court "must assume the truth of the material facts as alleged in the complaint." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661 (1999) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325, 111 S.Ct. 1842 (1991)). A complaint must contain only enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). A well-pleaded complaint may proceed even if a recovery appears remote and unlikely. *Id.* at 556.

Mary Sample contends that Compass Bank filed and prosecuted a cross-claim against her in the state court action with knowledge of her pending bankruptcy case. These acts, according to Mrs. Sample, constitute a willful violation of the automatic stay. Compass Bank asserts that the stay was not violated because its cross-claim arose in connection with a dispute arising post bankruptcy.

Mary Sample filed the underlying chapter 13 case in 2004. Her home was damaged by fire in 2006, and the cross-claim of Compass Bank arose postpetition from disputes concerning the repair of her damaged home.

The automatic stay imposed by 11 U.S.C. § 362(a) chiefly prevents actions to

3

collect pre-petition claims. In all but two of the eight subsections of § 362(a), the act or acts proscribed relate to efforts to collect a pre-petition debt.[1]

One subsection of § 362 stays acts that are not necessarily directed toward the collection of a pre-petition debt. That subsection provides for a stay of:

> (4) any act to create, perfect, or enforce any lien against property of the estate;

11 U.S.C. § 362(a)(4).

However, under Alabama law, the cross-claim of Compass Bank was not an act to create, perfect, or enforce a lien against property of Mrs. Samples's bankruptcy estate.

Under Alabama law, the reduction of a claim to a judgment, in and of itself, does not create a lien on property of the judgment debtor. The judgment becomes a lien only when filed in the office of a judge of probate in accordance with *Ala. Code* § 6-9-210 (1975). In particular, the Alabama statute provides:

> Every judgment, a certificate of *which has been filed as provided in Section 6-9-210*, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution . . .

*Ala. Code* § 6-9-211 (1975) (emphasis added). It follows that Compass Bank may prosecute a post-petition claim without violating the automatic stay provided that it does not record the prospective judgment or take other steps to create a lien against estate property. *In re Shuman*, 122 B.R. 317 (Bankr. S.D. Ohio 1990); *In re Jackson*, 403 B.R. 95 (Bankr. D. Idaho 2009); *In re Reynard*, 250 B.R. 241 (Bankr. E.D. Va. 2000).

## Conclusion

For these reasons, the court concludes that Compass Bank's motion to dismiss

---

[1] Subsections (1), (2), (5), (6), (7), and (8) of § 362 relate to acts furthering the collection of pre-petition debts.

4

the complaint is due to be granted. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter consistent with this memorandum opinion.

Done this the 25th day of September, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Larry and Mary Sample
   Jeremy L. Retherford, Attorney for Compass Bank